```
                                            ┌─────────────────────────────┐
                                            │ USDC SDNY                   │
                                            │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK               │ DOC #:                      │
- - - - - - - - - - - - - - - - - - - - -X  │ DATE FILED: 5/28/10         │
                                            └─────────────────────────────┘
```

MARVA WILSON,                                  :

                   Plaintiff,       :      08 Civ. 8469 (WHP)

          -against-                 :      MEMORANDUM & ORDER

DAVID HANSELL, *as Commissioner*               :
*of the New York State Office of*
*Temporary and Disability Assistance*, and     :
ROBERT DOAR, *as Commissioner*
*of the New York City Human Resources*         :
*Administration*,
                                               :
                 Defendants.
- - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Defendants David Hansell, as Commissioner of the New York State Office of

Temporary and Disability Assistance (the "OTDA"), and Robert Doar, as Commissioner of the

New York City Human Resources Administration (the "HRA" and, collectively, "Defendants")

move to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1).  Plaintiff Marva Wilson ("Wilson") does not oppose this motion except as it relates to

her claim for attorney's fees and expenses under the New York City Human Rights Law.  For the

following reasons, Defendants' motion to dismiss this action is granted.

DISCUSSION

        This action challenges a sanction that was imposed on Wilson's public assistance

and food stamp cases.  Wilson seeks to reverse and expunge the sanctions levied against her,

reinstate all lost benefits, and enjoin Defendants from continuing their policy and practice of

refusing to reinstate benefits on a timely basis for persons with disabilities who are willing to

comply with welfare-to-work policies.  Wilson also seeks attorney's fees and expenses under

both federal statutes and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-502(f).

After this action was filed, Defendants paid retroactive benefits to Wilson. (Declaration of Susan Welber dated Feb. 17, 2010 ("Welber Decl.") ¶ 3.) HRA also expunged the sanction on Wilson's food stamps case, but not the sanction on her cash assistance case. (Welber Decl. ¶ 3.) In August 2009, the Social Security Administration determined that Wilson was eligible for Supplemental Security Income ("SSI") payments retroactive to April 27, 2009. Wilson began receiving SSI benefits in October 2009. (Welber Decl. ¶ 3.) As an SSI recipient, Wilson is no longer subject to federal, state, or local public assistance work requirements. See N.Y. Soc. Serv. Law § 332-b; 18 N.Y.C.R.R. §§ 351.2, 385.2(d); OTDA Admin. Directive 06-ADM-06.

I. Mootness

Federal courts may decide only "actual 'Cases' or 'Controversies.'" Alvarez v. Smith, 130 S. Ct. 576, 580 (2009) (quoting U.S. Const. art. III, § 2, cl. 1). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Alvarez, 130 S. Ct. at 580 (internal citations omitted). Where a live case or controversy no longer exists, the claim must be dismissed as moot. Alvarez, 130 S. Ct. at 581.

Wilson has received all her retroactive benefits and the food stamps sanction has been expunged. While her cash assistance case sanction has not been expunged, its continued existence is immaterial. That is because Wilson previously accrued three sanctions in her cash assistance case prior to the sanction at issue here and the length of any future sanction would be unaffected. See N.Y. Soc. Serv. Law § 432(2). Moreover, since she now receives SSI benefits, she is exempt from the work requirements that led to the sanctions at issue. Thus, Wilson is no

2

longer subject to the policies she seeks to enjoin. Accordingly, there is no live case or controversy because all her claims are moot. See Alvarez, 130 S. Ct. at 580-81. Nevertheless, Plaintiff's counsel wishes to pursue her claim for attorney's fees and costs under N.Y.C. Administrative Code § 8-502(f) before this Court.

II. Supplemental Jurisdiction

Having dismissed all of Wilson's federal claims, this Court must consider whether to exercise supplemental jurisdiction over her municipal law claim for attorney's fees and costs. "[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). While courts are not required to dismiss pendant state law claims where all federal claims have been dismissed, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966); see also Giordano v. City of N.Y., 274 F.3d 740, 754 (2d Cir. 2001); Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998); Bray v. City of New York, 356 F. Supp. 2d 277, 287 (S.D.N.Y. 2004).

Plaintiff's claim under N.Y.C. Administrative Code § 8-502(f) would require the Court to apply a theory for awarding attorney's fees and costs—the "catalyst theory"—that the Supreme Court has disallowed for federal purposes. See Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res., 532 U.S. 598, 604-06 (2001) (rejecting the "catalyst theory" for an award of attorney's fees and costs because it would allow an award "where there is no judicially sanctioned change in the legal relationship of the parties"). Accordingly, this

3

Court declines to exercise supplemental jurisdiction over Plaintiff's municipal law claim and dismisses that claim without prejudice.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on mootness grounds is granted. The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: May 28, 2010
        New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Kenneth Stephens, Esq.
Susan Elizabeth Welber, Esq.
The Legal Aid Society
11 Livingston Street
Brooklyn, NY 11201
*Counsel for Plaintiff*

Ivan B. Rubin, Esq.
Office of the New York State Attorney General
120 Broadway (Litigation Bureau)
New York, NY 10271
*Counsel for Defendant Hansell*

David Alan Rosinus, Jr., Esq.
New York City Law Department
100 Church Street
Room 2-305
New York, NY 10007
*Counsel for Defendant Doar*